UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARMANDO AMEZCUA,<br><br>　　　　Defendant. | CASE NO.   05-229 M<br><br>DETENTION ORDER |

Offense charged:

    Count I:    Conspiracy to Possess with Intent to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 846 and 841(b)(1)(A)(B) and (C) (Middle District of Florida)

Date of Detention Hearing: May 11, 2005.

    The Court conducted both a detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry. The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the Middle District of Florida to answer the charges.

    The detention hearing was contested, and the defendant may address the issue of detention in Florida. Moreover, based upon the factual findings and statement of reasons for detention

DETENTION ORDER
PAGE -1-

hereafter set forth, the Court finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Karyn Johnson. The defendant was represented by Nancy Tenney.

The Government argued for detention based on elements of risk of flight and danger to the community. The Government asserted that, after issuance of the first arrest warrant, the agents extensively looked for the defendant and were not able to locate him. There is concern that if released, the defendant will not be able to be located once again. The California address of the defendant was 'curious' to the Government as inquiries of the individuals at the residence included statements that the defendant "does not live here."

The Government's argument on risk of flight included a discussion pertaining to a traffic stop in August of 2003. The car stopped had an Illinois license plate which led agents to a location in Chicago that had no residence or building of any kind. Moreover, investigation into the vehicle's owners determined the owners to be fictitious names.

The defense argued for release, stating that the defendant wishes to appear and answer the charges in Florida. The defense maintains that the defendant poses no danger to the community as he has no criminal history or record of arrests. The defendant became a lawful permanent resident in 2002, and has been living in California at an address under his own name. The defense noted that, after attending a concert in Canada with his brother, the defendant would not have passed through U.S. Customs using his own name if he was a flight risk.

Additionally, the defense stated the charges of at least one co-defendant were dismissed outright, and that the defendant should be presumed innocent.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness

and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

    (a) The defendant is a legal resident alien of the United States, however his lack of ties to the Middle District of Florida where he is presently charged is of concern to the Court. Additionally, the Court also notes that the defendant's family resides in California and Mexico. The defendant has recently traveled to Mexico and Canada, which is of concern to the Court given that previous attempts to apprehend the defendant proved futile. The warrant in this cases was issued October 31, 2003; the defendant was not arrested until May 8, 2005.

    (b) The nature of the instant offense indicates access to large sums of cash which could be used to facilitate flight.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 17th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-